# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **T.F., F.F., and C.F.**

**No. 24-723** (Braxton County CC-04-2023-JA-45, CC-04-2023-JA-46, and CC-04-2023-JA-47)

## MEMORANDUM DECISION

Petitioner Father J.F.[1] appeals the Circuit Court of Braxton County's September 17, 2024, order terminating his parental rights to the children, T.F., F.F., and C.F.,[2] arguing that the circuit court erred by terminating his rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2023, the DHS filed a petition alleging that the children were abused and neglected because the parents abused drugs to the extent that they were unable to properly care for the children and failed to provide the children with a fit and suitable home. According to the petition, the mother wrecked her vehicle while under the influence of methamphetamine with two of the children in the vehicle. The mother was arrested and charged with driving under the influence of a controlled substance with minors, failure to maintain her vehicle, and possession of a controlled substance. The petition further alleged that the petitioner was incarcerated due to multiple convictions, including driving under the influence, burglaries, domestic violence, and breaking and entering. Finally, the petition alleged that the parents' home was in a deplorable condition.

In November 2023, the circuit court adjudicated the mother as an abusing and neglecting parent based upon her stipulation to the allegations in the petition and granted her a six-month post-adjudicatory improvement period. Following a contested adjudicatory hearing in January 2024, the court adjudicated the petitioner as an abusing and neglecting parent in regard to all of the children due to his drug abuse and failure to provide the children with a fit and suitable home. In March 2024, the petitioner was released on parole and was living with the mother.

---

[1] The petitioner appears by counsel Timothy V. Gentilozzi. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Julia R. Callaghan appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

At a review hearing in April 2024, the court granted the petitioner a six-month post-adjudicatory improvement period and extended the mother's improvement period. The terms of the parents' improvement periods included, among other things, abstaining from drug and alcohol use and not associating with anyone who consumed, possessed, or was under the influence of drugs or alcohol. Finally, because the parents were residing together, the court advised them that they were "under an affirmative duty" to report any violations of the terms of the improvement periods by the other parent to the DHS or their attorneys.

In July 2024, the DHS filed a motion to revoke the parents' improvement periods and terminate their parental rights to the children after the petitioner was arrested for parole violations and the mother was arrested for possession of a controlled substance and conspiracy. According to the record, parole officers conducted a compliance check on July 10, 2024, after receiving a report that the petitioner was "dealing drugs" in another county. The petitioner tested positive for methamphetamine and parole officers found methamphetamine in the mother's purse.

On August 30, 2024, the circuit court held a dispositional hearing, during which the court heard testimony from several witnesses, including two parole officers, the DHS case worker, and the petitioner, among others. The parole officers testified that the petitioner tested positive for methamphetamine multiple times during his improvement period, that he was discharged from a drug treatment program in August 2024 because he tested positive for methamphetamine twice, and that he was serving a sixty-day term of confinement for his parole violation. The case worker testified that the petitioner was participating in parenting and adult life skills classes but had not started the DHS's substance abuse treatment program. The petitioner testified that the methamphetamine found by the parole officers in the mother's purse belonged to an acquaintance who he knew had a history of drug use and that he caught the individual "getting high" in the parents' vehicle the day before the parole officers discovered the methamphetamine. Finally, the petitioner testified that he would be released from incarceration in forty days and planned to complete a drug treatment program and reside in a sober living facility upon his release.

At the conclusion of the hearing, the circuit court found that the petitioner violated the terms of his improvement period by testing positive for methamphetamine on more than one occasion, by being in the presence of an acquaintance who was abusing controlled substances, and by failing to successfully complete the services that the DHS provided. The court also noted that the petitioner was given the opportunity to attend a drug treatment program prior to the dispositional hearing but failed to comply and continued using methamphetamine. The court further found that the petitioner was unable to participate in his improvement period due to his incarceration and that continuation thereof would delay permanency for the children. As a result, the court concluded that there was no reasonable likelihood that the petitioner could substantially correct the circumstances of abuse and neglect in the near future and that termination of his parental rights was necessary for the children's welfare. Accordingly, the court terminated the petitioner's parental rights.[3] It is from the dispositional order that the petitioner appeals.

---

[3] The mother's parental rights to the children were terminated at a subsequent hearing. The permanency plan for the children is adoption in their current placement.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court's determination that termination of his parental rights was in the children's best interests was error because he "was willing to go back to treatment to continue fully participating with his improvement period." We find no merit in the petitioner's argument. Circuit courts are permitted to terminate parental rights "upon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." W. Va. Code § 49-4-604(c)(6). There is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected where the abusing parent is "addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and . . . [has] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning." W. Va. Code § 49-4-604(d)(3). Here, the petitioner does not dispute the court's findings that he violated multiple terms of his improvement period by continuing to use drugs, associating with known drug users, and failing to respond to the numerous services and treatments that he received to remedy the conditions of abuse and neglect. In addition to the petitioner's repeated failures to comply with services, the circuit court also considered his incarceration in determining that he was unable to care for the children or participate in a continuation of his improvement period. As such, we conclude that the circuit court's findings that the conditions of abuse and neglect could not be corrected in the near future and that termination was necessary for the children's welfare were well-supported by the record. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))).

For the foregoing reasons, we affirm the circuit court's September 17, 2024, order.

Affirmed.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison